

JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TOMMIE STEWART,

Plaintiff,

v.

PACKAGING CORPORATION OF AMERICA, et al.,

Defendants.

NO. CV 13-5418 FMO (AJWx)

**ORDER REMANDING ACTION**

On July 26, 2013, defendant Packaging Corporation of America ("defendant"), having been sued in California state court by plaintiff Tommie Stewart ("plaintiff") in what appears to be a routine employment discrimination and wrongful termination action, filed a Notice of Removal of that action based on diversity and federal question jurisdiction. (See Notice of Removal at 1).

Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c);[1] Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.");

---

[1] 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks and citations omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See id. ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, the court's review of the Notice of Removal and the attached state court complaint, (see, generally, Notice of Removal & Exh. 1 ("Complaint")), make clear that this court has neither federal question nor diversity jurisdiction over the instant matter. In other words, plaintiff could not have brought this action in federal court, in that plaintiff does not competently allege facts supplying either federal question or diversity jurisdiction, and therefore removal was improper. See 28 U.S.C. §§ 1441(a);[2] Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

First, there is no basis for federal question jurisdiction, as plaintiff's Complaint contains state law causes for employment discrimination, Cal. Govt. Code § 12940(a), failure to reasonably accommodate, Cal. Govt. Code § 12940(m), wrongful termination, breach of implied contract, and breach of the covenant of good faith and fair dealing. (See, generally, Complaint). Defendant argues that the action arises under Section 301 of the Labor Management Relations Act ("LMRA"),

---

[2] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

29 U.S.C. § 185. (Notice of Removal at 11). Defendant's reliance on the LMRA is plainly improper as the statute applies to actions "between and employer and a labor organization representing employees." See 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.") (emphasis added). Defendant makes no effort to establish how plaintiff, an individual, qualifies as a "labor organization," let alone one that represents employees in an industry affecting commerce. In any event, just like plaintiff did not choose to pursue the companion federal Title VII claim, see Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir. 1996) ("That the same facts could have been the basis for a Title VII claim does not make Rains' wrongful termination claim into a federal cause of action. Rains chose to bring a state claim rather than a Title VII claim, and was entitled to do so."); Yung Hsing Ger v. Safeway, Inc., 2013 WL 132485, *2-3 (N.D. Cal. 2013) (rejecting defendant's attempt to construe plaintiff's complaint to allege a violation of Title VII of the Civil Rights Act to establish federal question jurisdiction and remanding action to state court), plaintiff did not chose to plead, and the court will not construe, a claim under the LMRA. (See, generally, Complaint). In short, the Complaint discloses no federal statutory or constitutional question. (See, generally, Complaint); see also Caterpillar, 482 U.S. at 392, 107 S.Ct. at 2429 (Removal pursuant to Section 1331 "is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."); Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724, 724 (1914) (stating that federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose").

Second, there is no basis for diversity jurisdiction because the amount in controversy

does not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[3] The amount of damages that plaintiff seeks is unclear from the Complaint. (See, generally, Complaint). Plaintiff seeks compensatory damages, including lost wages and benefits, emotional distress damages, punitive damages, prejudgment interest, and attorney's fees and costs. (See id. at 15-16). Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes and citations omitted).

Here, defendant relies on sample jury verdicts and awards of attorney's fees in unrelated cases in an attempt to show that the amount in controversy exceeds $75,000. (See Notice of Removal at 5-11). Defendant's allegations that "considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages *that might be awarded if Plaintiff prevails*, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000," (Notice of Removal at 5) (emphasis added), are conclusory and speculative. Under defendant's approach, the amount in controversy requirement would be met in virtually all employment cases because it is always possible to find similar cases with verdicts, settlements and attorney's fees awards in excess of $75,000 dollars. Other than putting forth other cases where awards and settlement amounts exceed $75,000, defendant made virtually no attempt to analyze the Complaint and circumstances of this case to meet its burden. Indeed, defendant has put forth less information, (see, generally, Notice of Removal), than other cases where courts have found that defendants failed to carry their burden. See, e.g., Rich v. Best Buy

---

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Stores, L.P., 2012 WL 3867353, *3 (C.D. Cal. 2012) ("Even if it is imaginable that Rich might recover more than $75,000, Best Buy was required to show, through facts or evidence, that the jurisdictional amount is satisfied; it could not simply confine itself to the face of the Complaint."); Avila v. Allegro Mfg., 2011 WL 6010044, *3 (C.D. Cal. 2011) ("Conair does not proffer any support through affidavits, oral testimony, or any evidence at all that the amount in controversy exceeds $75,000. Conair fails to offer Plaintiff's prior salary, benefits, or even length of employment."). Under the circumstances, the court is unpersuaded that defendant has met its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez, 372 F.3d at 1117 ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, [defendant] should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation marks and citations omitted); see also Matheson, 319 F.3d at 1090-91 ("Conclusory allegations as to the amount in controversy are insufficient."). Therefore, there is no basis for diversity jurisdiction. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (where the district court remanded based on two independent grounds of diversity of citizenship and amount in controversy, the Ninth Circuit concluded that either was sufficient).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 19th day of August, 2013.

/s/

Fernando M. Olguin
United States District Judge